In the Matter of the Acquisition of Lands for a Water Supply by the CITY OF ALBANY.

Supreme Court, Albany County, December 14, 1932.

*George A. Reilly, Corporation Counsel [William E. Fitzsimmons, Special Assistant Corporation Counsel, of counsel], for the city of Albany.*

BLISS, J.  This is an application by the city of Albany for direction as to the disposition of the following moneys now on deposit with the treasurer of the city of Albany:

To the credit of Wilhelmina Kunke . . . . . . . . . . . . . . . . . . $4,121 13
To the credit of Wilhelmina Kunke . . . . . . . . . . . . . . . . . .  1,071 97
To the credit of Wilhelmina Kunke, as administratrix
 of the estate of Carl Kunke . . . . . . . . . . . . . . . . . . . . .  3,252 92

These moneys represent awards made for lands acquired by the city of Albany by condemnation under chapter 643 of the Laws of 1926, as amended by chapter 451 of the Laws of 1928 and chapter 422 of the Laws of 1931, less certain amounts heretofore ordered to be paid therefrom.  Section 17 of chapter 643 of the Laws of 1926 directs the city of Albany within three calendar months after the confirmation of the report of the commissioners of appraisal to pay to the respective owners in whose favor awards are made, the moneys so awarded with lawful interest thereon from the date of the filing of the oaths of the commissioners of appraisal.  It appears from the papers on this application that after the awards were made and the report of the commissioners of appraisal confirmed, an appeal was taken to the Appellate Division, Third Department, and the order of confirmation was there affirmed. These moneys have now remained on deposit with the city treasurer of the city of Albany for several months and the persons to whom the awards were made will not accept payment of the same and refuse to withdraw said sums from the city treasurer's office.  Pursuant to section 17, above mentioned, the city has been crediting interest at the rate of six per cent per annum on these sums.  The board of water supply of the city of Albany, which caused the lands to be acquired by condemnation, is about to expire and the city desires to be released from further custody of these funds.  Apparently it is simply the case of dissatisfied owners refusing to accept the amounts awarded to them, and the statute under which the lands were acquired is silent as to a final disposition of these moneys under such circumstances.

Section 978 of the Civil Practice Act provides: " Where it is admitted by the  *  *  *  examination of a party, that he has,

in his possession or under his control, money, * * *, which, being the subject of the action or special proceeding, is held by him as trustee for another party, or which belongs or is due to another party, the court, in its discretion, may grant an order, upon notice, that it be paid into or deposited in court, or delivered to that party, with or without security, subject to the further direction of the court." It would seem that this case is clearly within the provisions of this section. The papers show that the city of Albany now has these funds in its possession. They now stand in place of the real property which was acquired by condemnation and which was the subject of the condemnation proceeding. These funds belong to and are due to Wilhelmina Kunke either individually or as administratrix.

The court, therefore, orders that these moneys be paid into court by depositing the same, together with interest to the date of said deposit, with the county treasurer of the county of Albany to the credit of the persons to whom they belong and subject to the further direction of the court. There may be deducted from said amounts the sum of $100.35, costs allowed to the city of Albany on the appeal to the Appellate Division, said deduction to be made from the funds of the party or parties against whom the costs were awarded.

The applicant may submit an order accordingly.